■ ADRIENNE WALLACE et al., Respondents, v CITY OF NEW YORK et al., Respondents, and JAMAICA WATER SUPPLY COMPANIES, Appellant. (And a Third-Party Action.) [655 NYS2d 1021] —In a negligence action to recover damages for personal injuries, etc., the defendant Jamaica Water Supply Companies appeals from an order of the Supreme Court, Queens County (Lerner, J.), dated July 5, 1996, which denied its motion for summary judgment dismissing the complaint and any cross claims insofar as asserted against it.

Ordered that the order is reversed, on the law, with costs, the appellant's motion for summary judgment is granted, the complaint and any cross claims are dismissed insofar as asserted against Jamaica Water Supply Companies, and the action is severed against the remaining defendants.

The plaintiff Adrienne Wallace was allegedly injured when her vehicle struck an object or a pothole in the intersection of

108th Avenue and 155th Street, Jamaica, New York. The plaintiffs commenced this action seeking to recover damages from the defendants City of New York, Brooklyn Union Gas, and Jamaica Water Supply Companies on the ground, *inter alia,* of negligent maintenance of the intersection.

The proponent of a summary judgment motion "must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact" *(Alvarez v Prospect Hosp.,* 68 NY2d 320, 324). Once the movant has demonstrated a prima facie showing of entitlement to judgment, the burden shifts to the party opposing the motion to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact which require a trial of the action *(see, Zuckerman v City of New York,* 49 NY2d 557, 562; *Alvarez v Prospect Hosp., supra).*

We have reviewed the record and find that the appellant demonstrated its entitlement to judgment in its favor as a matter of law *(see,* CPLR 3212 [b]; *Zuckerman v City of New York, supra).* In response, neither the plaintiffs nor the remaining defendants offered any evidence to show the existence of triable issues of fact as to the liability of the appellant. Under the circumstances, summary judgment must be granted in its favor. Pizzuto, J. P., Altman, McGinity and Luciano, JJ., concur.